U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

MAR 0 0 2014

Tony R. Moore, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Mason, et al

Civil Action No. 12-2939

versus

Judge Richard T. Haik

Lafayette, et al

Magistrate Judge C. Michael Hill

**ORDER**

Before the Court is plaintiffs, Brenda Mason and Billy C. Mason, individually and on behalf of their deceased son, Quamaine Dwayne Mason's, Memorandum and Supplemental Memorandum in support of Motion For Reconsideration And/Or New Trial of the Court's Judgment entered on December 10, 2013, dismissing plaintiffs' claims with prejudice, [Rec. Docs. 74, 77], and defendants, Lafayette City-Parish Consolidated Government ("LCG"), Chief James P. Craft, in his Official Capacity as Chief of Police of LCG, and Officer Martin Faul, Individually and in his Official Capacity as a Police Officer of LCG, Memorandum in Opposition [Rec. Doc. 82].

*Background*

Plaintiffs filed this action on November 20, 2012 and a Scheduling Order issued on March 5, 2013. *R. 22.* On September 18, 2013, the deadline for filing dispositive motions, defendants filed a motion for summary judgment. *R. 44.* The motion was set for hearing on the Court's November 14, 2013 motion docket without oral argument. *R. 49.* Plaintiffs sought and obtained extensions of time to oppose defendants' motion for summary judgment from October 7 to October 31, 2013. Plaintiffs filed their opposition memorandum on October 31, 2013 and defendants filed a reply memorandum on November 8, 2013. *R. 60, 66.* The Court entered the Memorandum Ruling and Judgment granting defendants' Motion For Summary Judgment on December 10, 2013. *R. 72, 73.*

Plaintiffs contend that the Court's judgment was manifestly erroneous in law and fact

because of its inability to consider "all of the evidence . . . which was either held back by the defense or submitted in a format making its review nearly impossible." *Id.* In particular, plaintiffs contend the evidence consists of (1) a recording of a telephone conversation between defendant, Officer Martin Faul, and his immediate supervisor, the Watch Commander on duty on the night of Quamaine Mason's death, which will serve as evidence of Faul's "intent or malice" in the shooting; (2) the CD's/DVD's of the video statement taken of Officer Faul by the State Police which plaintiffs "assume the Court was never able to open" because "the Magistrate [Judge] stated that he was unable to open [them]"; and (3) a copy of the transcript of the November 19, 2013 deposition of defendants' forensic expert, Dr. James Traylor, which was not available at the time plaintiffs filed their opposition to the motion for summary judgment "although it was taken well in advance of the Court's ruling."

### Rule 59(e) Standard

The Federal Rules of Civil Procedure "do not recognize a motion for reconsideration in *haec verba*." *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir.1994) (*en banc*). However, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to alter or amend pursuant to Rule 59(e) or a motion for relief from judgment pursuant to Rule 60(b). *Shepard v. Int'l Paper Co.*, 372 F.3d 326, 328, n. 1 (5th Cir.2004). Specifically, if the motion for reconsideration is filed and served within 28 days of the rendition of judgment, the motion falls under Rule 59(e). Because the current motion was filed within 28 days of the judgment, the Court will consider it under Rule 59(e).

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367

F.3d 473, 479 (5ᵗʰ Cir.2004). Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5ᵗʰ Cir.2002). The motion to amend a judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5ᵗʰ Cir.2008).

Although a district court can consider evidence not presented in the summary judgment record, it should only do so in extraordinary circumstances. *Templet*, 367 F.3d at 479. The "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *ICEE Distributors, Inc. v. J & J Snack Foods Corp.*, 445 F.3d 841, 847 (5ᵗʰ Cir.2006). The court's duty in ruling on a motion for reconsideration is to "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5ᵗʰ Cir.1993). When a party submits additional evidence not part of the summary judgment record for reconsideration, the court considers "the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available before the party responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." *Lavespere*, 910 F.2d 174.

*Legal Analysis*

1. *Watch Commander Telephone Line Recordings*

3

The record indicates that defendants responded to plaintiffs' discovery request for "any and all radio transmissions from and/or to all officers, vehicles and/or dispatchers relating in any way to the dispatch of the Lafayette Police Department...." on September 18, 2013 by producing the requested information which included a CD containing the radio traffic from the time 911 dispatched the call to Lafayette Police Department at 9:24 p.m., on December 9, 2011, until officers cleared the scene in question at 2:19 a.m., on December 10, 2011. On November 22, 2013, over two months after the discovery deadline, 22 days after plaintiffs filed their opposition memorandum, and after the November 14, 2013 consideration date for the motion for summary judgment had passed, plaintiffs issued a subpoena duces tecum to defendants requesting "any and all recordings of the Lafayette Police Department Watch Commander Telephone line from December 9, 2011, at 8:30 p.m., until December 10, 2011, at 8:30 p.m." Defendants filed a motion to quash the subpeona duces tecum as untimely and unduly burdensome, including that it would take "upwards of three (3) weeks to pull the 24-hour time period now request" when the trial was only five weeks away. *R. 70.* The motion to quash was assigned to the Magistrate Judge in this case, but because of the close proximity of the Court's issuance of its Memorandum Ruling and Judgment, it was not ruled upon.

Plaintiffs filed the motion at bar on January 2, 2014. Thereafter, on January 16, 2014, defendants filed a motion for *in camera* inspection for the Court to determine whether the newly requested recordings were relevant and/or contained any newly discovered evidence relevant to plaintiffs' assertions in the Motion For Reconsideration. *R. 83.* Following its review of the recordings, the Court issued an order on February 7, 2014, finding that after listening to the entirety of the newly requested telephone recordings, lasting almost 5 hours, the recordings contained nothing which qualified as "newly discovered" evidence, but more

4

specifically, did not contain "any call to or from Corporal Martin Faul nor any information related to 'intent,' 'malice,' or 'evil motive in the use of deadly force in the matter at issue." *R. 89.*

### 2. CD's DVD's taken by the State Police

Defendants attached to their Motion for Summary Judgment, Exhibit F described as "Louisiana State Police Report, with all referenced attachments." *R. 44, Exh. F.* Plaintiffs contend that because Magistrate Judge Hill "stated that he was unable to open the CD's/CVD's of the video statement taken of Faul and others by the State Police," they "assume that the Court was never able to open the video statements of the defendant and witnesses to the shooting." *R. 74-1.* Plaintiffs contend that the videos "not only reflect Faul's 'black hatted' demeanor during the course of the interview but Faul's statement that he continued to shoot Mason because he realized he was still alive and moving."

Plaintiffs' assumption is incorrect. The Court considered each of the CD's related to the Motion For Summary Judgment, in particular that of defendant Faul. While the Court cited a number of the these exhibits, it did not find the video of Faul's interview significant in ruling on the motion for summary judgment. In analyzing a Fourth Amendment violation, "the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, *without regard to their underlying intent or motivation....* Any 'evil intentions' motivating an officer's objectively reasonable use of force 'will not make a Fourth Amendment violation.'" *Graham v. Connor,* 490 U.S. 386, 397 (1989) (emphasis added).

### 3. Deposition transcript of Dr. James Traylor

Plaintiffs filed the motion for reconsideration at bar on January 2, 2014 stating, "the plaintiffs have never received a copy of the deposition [of Dr. James Traylor] although it was

taken well in advance of the Court's ruling. As such this constitutes new evidence...." *R. 74.* On January 9, 2014, plaintiffs attached a copy of Traylor's deposition transcript to their Supplemental Memorandum in support of their opposition. *R. 77.* The deposition transcript indicates that plaintiffs' counsel conducted the deposition of Dr. Traylor on November 19, 2013. *Id.* Thus, even though defendants timely submitted Dr. Traylor's expert reports, *R. 82, Exh. A,* plaintiffs scheduled his deposition to be taken 19 days after filing their opposition to the motion for summary judgment. The transcript further indicates that the Court Reporter, who was contracted by plaintiffs, certified the completed transcript on December 23, 2013. *Id.* Defendants assert that plaintiffs made no mention of Dr. Traylor's testimony in their opposition to the motion for summary judgment and did not file any motion requesting that the Court consider the deposition testimony. Moreover, plaintiffs' filings contain no indication of whether or not they requested an expedited transcript from their Court Reporter.

Defendants further argue that plaintiffs' reasoning for introducing Traylor's deposition testimony – "that Mason's left arm was up at the time the shooting began but that Mason's right arm could just as easily have been across his face in a defensive posture, rather than reaching for a gun in his waistband" – is not "new" evidence or information for which plaintiffs' counsel did not know nor reasonably know. Defendants maintain that plaintiffs' forensic pathology expert, Dr. Cynthia Gardner, testified that "instead of Mason's left arm being in an upright position when shot, the trajectory could also be explained by Mason having crossed his left arm across the front of his body." *R. 82-2.* Because Dr. Gardner's, deposition was taken on October 21, 2013 and defendants' counsel's requested an expedited transcript, defendants and plaintiffs received an electronic copy of Dr. Gardner's deposition on October 28, 2013, before plaintiffs' filed their opposition to the motion for summary

judgment. *R. 82-1, Exh. D.*

Under Fifth Circuit jurisprudence, "[a]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004). In *Waltman v. International Paper Co.*, 875 F.2d 468 (5th Cir.1989), the Fifth Circuit, noting the plaintiff's evidentiary materials submitted along with the motion for reconsideration had been available to the plaintiff at the time she filed her opposition to the defendant's motion for summary judgment, concluded that they were not newly discovered documents. The court then noted that the plaintiff sought neither to correct errors of law or fact nor to introduce newly discovered evidence through her motion for reconsideration. On the contrary, the court observed, the evidentiary materials submitted along with the motion for reconsideration had been available to the plaintiff at the time she filed her opposition to the defendant's motion for summary judgment. Because the plaintiff did not offer "any explanation" for her failure to submit them at that time, the court concluded, her submission of the materials was "untimely." *Id.* at 474.

Here, the November 19, 2013 deposition of Dr. Traylor and the evidence discovered therein was taken by plaintiffs' counsel 21 days prior to the Court entering a judgment on the motion. Moreover, plaintiffs have provided no explanation as to why they could not or did not proffer the evidence after their counsel attended and conducted the deposition.[1] Because plaintiffs cannot show the evidence was unavailable to them, and offer no explanation as to why they failed to submit the evidence while the motion was pending, the Court is within its discretion to refuse to consider the evidence or modify the final judgment. *ICEE*, 445 F.3d

---

[1] Even if a discovery dispute prevented plaintiffs' response, which has not been asserted, there is no indication in the record that plaintiffs ever attempted to enlist the Court's aid in resolving any such disputes in a timely manner nor did plaintiffs file a Rule 56(d) Motion for Continuance to obtain additional time to prepare their opposition to defendants' motion.

at 847.

Even if the Court refuses to consider the additional evidence submitted, it must be sure that a clear error of law or manifest injustice will not result if the ruling remains undisturbed. To that end, the plaintiff must establish that the grant of qualified immunity to the defendants would create this inequitable result. Considering Dr. Traylor's deposition testimony, the Court finds Dr. Traylor testified that the accounts relayed by the witnesses, all of which were considered by the Court, was consistent with Mason's right arm being down, around the waist band, slightly flexed. *R. 82, Exh. G, Depo. Of Traylor, p. 145-146.*

A motion for reconsideration cannot be used to allow languid litigants an unlimited number of chances to get available evidence into the record or to rehash theories already rejected by the Court. Plaintiffs have already had an opportunity to make this factual argument, and the Court sees no reason to permit them a second bite at the apple. As such, "the facts in this case do not warrant the extraordinary relief associated with the granting of a motion for reconsideration." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479-80 (5th Cir.2004). Accordingly,

**IT IS ORDERED** that Plaintiff's Motion For Reconsideration And/Or New Trial [Rec. Doc. 74] is **DENIED.**

**THUS DONE AND SIGNED** this 17th day of March, 2014 at Lafayette, Louisiana.

_____
Richard T. Haik, Sr.
United States District Judge

8