UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Brenda Mason, et al. | Civil Action No. 6:12-CV-2939 |
| versus | Judge Rebecca F. Doherty |
| Martin Faul, et al. | Magistrate Judge Carol B. Whitehurst |

**ORDER**

Pending before the Court is a Motion for Trial by Jury (Doc. 105), filed by Plaintiffs Brenda Mason and Billy C. Mason, individually and on behalf of the deceased Quamaine Dwayne Mason. This action arises in connection with the shooting death of Plaintiffs' adult son, Quamaine Mason. For the following reasons, Plaintiffs' motion will be **GRANTED**.

*I. Background*

On December 9, 2011, Officer Martin Faul fatally shot Quamaine Mason while responding to a reported armed robbery. Plaintiffs subsequently filed this action against Faul, Lafayette City-Parish Consolidated Government ("LCG"), and Chief James P. Craft (collectively "Defendants"). Plaintiffs asserted claims against Officer Faul under the Fourth, Fifth, Eighth, and Fourteenth Amendments. They also asserted claims pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) against Officer Faul's employers, LCG and Chief Craft. Plaintiffs included state law claims against all three Defendants.

On December 10, 2013, the district court granted Defendants' motion for summary judgment and dismissed all of Plaintiffs' claims with prejudice. (Doc. 72.) On appeal, however, the Fifth Circuit Court of Appeals reversed summary judgment as to Faul on Plaintiffs' Fourth Amendment and related state law claims. *Mason v. Lafayette City-Parish Consolidated Gov't*, 806 F.3d 268, 277 (5th Cir. 2015). Specifically, the Fifth Circuit: (1) reversed the granting of qualified immunity in favor of Officer Faul with regard to the last two shots fired by him at Quamaine Mason; and (2) remanded the case to this Court for a ruling on whether Officer Faul is entitled to qualified immunity with respect to the first five shots fired at Quamaine Mason. *Id.* at 277, 282. The Fifth Circuit affirmed the district court's ruling in all other respects. *Id.* at 282.

On March 14, 2016, the undersigned conducted a telephone status conference to address the issues remaining after the Fifth Circuit's decision. (Doc. 103.) While the case was set for a bench trial, Plaintiffs represented for the first time that they intended to move for a jury trial. (Doc 103 at p. 1.) Defendants indicated, in turn, that they would oppose any such motion. (Doc. 103 at p. 1) A Scheduling Order was issued on April 5, 2016, setting this case for a bench trial on May 1, 2017. (Doc. 104.)

The district court recently granted the parties' joint motion to continue the May 1, 2017 trial date. (Doc. 115). At a telephone conference conducted by the undersigned on March 29, 2017, the parties agreed that the matter is ripe for a ruling on the qualified immunity issue remanded from the Fifth Circuit and that it was unnecessary to set a new trial date at this time. (Doc. 119).

## *II. Plaintiffs' Motion for Trial by Jury*

On October 13, 2016, Plaintiffs submitted their Motion for Trial by Jury as to all issues in these proceedings. (Doc. 105.) They ask the Court to exercise its discretion under Federal Rule of Civil Procedure 39(b) and grant them a jury trial. (Doc. 105 at p. 1, n.1.) Plaintiffs contend that recent discovery in this case has "led [them] to believe that their son's treatment at the hands of the defendants is so callous that they deserve to have their case heard by a jury." (Doc. 118 at p. 2.)

Defendants oppose Plaintiffs' motion, asserting that Plaintiffs' demand for a jury trial is untimely filed pursuant to Federal Rule of Civil Procedure 38(b)(1). (Doc. 108 at p. 4.) Defendants contend that the granting of Plaintiffs' motion "would be substantially unfair and prejudicial to Defendants." (Doc. 108 at p. 4-5.) Defendants further contend that Plaintiffs' delay in seeking a jury trial can, at best, be attributable to mere inadvertence, which is insufficient to relieve Plaintiffs from waiving their right to a jury trial. (Doc. 108 at p. 5.)

### *III. Discussion*

Rule 38(b) entitles a party to a jury trial on any issue triable by a jury if a demand is made "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). Under Rule 38(d), a party's failure to timely request a trial by jury constitutes a waiver of that party's right to a trial by jury. Fed. R. Civ. P. 38(d); *Breaux v. Mastermind Shipmanagement Ltd.*, No. 15-1387, 2016 WL 4761559, at *2 (E.D. La. Sep. 13, 2016). It is undisputed that Plaintiffs have made their demand for a jury trial in an untimely fashion and are, therefore, subject to a waiver of such right.

The Court must now consider whether it may permit the untimely jury trial demand pursuant to Rule 39(b), which "grants a district court discretion to order a jury trial despite a party's failure to comply with the fourteen-day requirement in Rule 38." *Breaux*, 2016 WL 4761559, at *2 (citing *Daniel International Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990)). "In exercising its discretion, a district court should grant an untimely request for a jury trial 'in the absence of strong and compelling reasons to the contrary.'" *Breaux*, 2016 WL 4761559, at *2 (citing *Daniel International Corp.*, 916 F.2d at 1064). In other words, "[a] motion for trial by jury under this rule 'should be favorably received unless there

are persuasive reasons to deny it.'" *Daniel International Corp.*, 916 F.2d at 1064 (quoting *United States v. Unum, Inc.*, 658 F.2d 300, 303 (5th Cir. 1981)).

The Fifth Circuit in *Daniel International Corp.* has articulated five factors that a district court should consider when determining whether to exercise its Rule 39(b) discretion:

(1) whether the case involves issues which are best tried to a jury;

(2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

(3) the degree of prejudice to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel International Corp.*, 916 F.2d at 1064.

In this case, consideration of these five factors militates in Plaintiffs' favor. With regard to the first factor, the issues to be decided at trial consist of related Fourth Amendment excessive force and state law claims against Officer Faul. Plaintiffs' fate on these claims will hinge largely on whether the fact-finder believes Plaintiffs' version of the pertinent events occurring on December 9, 2011, or whether they believe the Defendants' version of those same events. "Such credibility determinations are particularly appropriate for a jury to decide." *Teas v. Ferguson*,

608 F. Supp. 2d 1070, 1072 (W.D. Ark. Mar. 19, 2009). *But see Ohlssson v. Normand*, No. 11-1805, 2012 WL 2564937, at *1 (E.D. La. Jul. 2, 2012) (finding that an excessive force claim is the "type of claim which is routinely decided at a bench trial").[1] Consideration of this factor weighs in favor of granting Plaintiffs' motion.

As to the second factor, the change from a bench trial to a jury trial will not disrupt the Court's calendar, especially since: (1) the Court must consider the qualified immunity issue remanded from the Fifth Circuit before a trial can take place; and (2) a new trial date has not even been set. Accordingly, consideration of the second factor weighs in favor of granting Plaintiffs' motion.

Turning to the third factor, Defendants argue that the granting of Plaintiffs' motion "would be substantially unfair and prejudicial to Defendants" as it would extend the duration of the trial. (Doc. 108 at p. 4-5.) However, given the fact that the trial date has been continued indefinitely, Defendants will have ample time to prepare appropriately for a jury trial. Because the prejudice to Defendants is relatively minimal, the Court finds hat the third factor weighs in favor of granting Plaintiffs' motion.

---

[1] In reversing summary judgment on the Fourth Amendment and related state law excessive force claims against Officer Faul, the Fifth Circuit's repeated references to what a "reasonable jury could conclude" suggest that a jury would be the appropriate fact-finder to resolve these important credibility determinations. *See Mason*, 806 F.3d at 277-78.

With regard to the fourth and fifth factors, the Court is concerned that Plaintiffs waited nearly seven months after the March 14, 2016 telephone conference to make their jury trial demand. Plaintiffs' motion, nevertheless, was submitted more than six months before the scheduled bench trial was to take place. They explain that the motion was filed in light of recent discovery which caused them to reexamine their initial decision to opt for a bench trial. (Doc. 118 at p. 2.) Because Plaintiffs' explanation falls somewhat short in justifying such a lengthy delay, consideration of the fourth and fifth factors mitigates slightly in favor of Defendants.

Overall, in light of the first three factors which weigh strongly in favor of Plaintiffs, the Court concludes that Defendants have not sufficiently set forth "strong and compelling reasons" to deny Plaintiffs' jury demand pursuant to Rule 39(b). *Breaux*, 2016 WL 4761559, at *2 (citing *Daniel International Corp.*, 916 F.2d at 1064). Defendants have more than sufficient time to prepare for a jury trial on the Fourth Amendment excessive force and related state law claims, which are claims best tried in front of a jury in light of the necessary credibility determinations.

### *IV. Conclusion*

Based on the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion for Trial by Jury (Doc. 105) is **GRANTED**.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 31st day of March, 2017.