# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Brenda Mason, et al. | Civil Action No. 12-2939 |
| versus | Magistrate Judge Carol B. Whitehurst |
| Martine Faul, et al. | BY CONSENT OF THE PARTIES |

### RULING ON ADMISSIBILITY OF STATEMENT OF JOEL GRAYSON

The issue of the admissibility of the transcribed and recorded statements of Officer Joel Grayson, who is deceased, was first raised by the plaintiff in the Pre-Trial Order submitted by the parties on January 29, 2018 [Doc. 164]. The statements at issue are contained within the Internal Affairs Case Summary prepared by the Lafayette Police Department. In the parties' Joint Pre-Trial Order, the parties listed the Internal Affairs Case Summary (J-2), including all exhibits as a joint exhibit; the video statement (J3(F)) of Mr. Grayson, as well as the transcribed statement of that video statement(J2(I)), are also listed as joint exhibits. For the following reasons, the Court concludes that while the Internal Affairs Report itself is admissible, all transcribed and recorded statements that are contained therein, or are included as attachments, are hearsay and not admissible under any exception to the hearsay rule.

### *Analysis*

To be clear, in this Ruling, the Court addresses several different aspects of the admissibility of the Internal Affairs Report, as follows:

## 1. Admissibility of the Internal Affairs Report itself

In their Joint Pre-Trial Order, the parties listed as a <u>joint exhibit</u> the Internal Affairs Report of the Lafayette Police Department and all attachments thereto. Inexplicably, the plaintiffs then asserted an objection to the Report itself, as well as the transcribed and video recorded statements of Joel Grayson. With respect to the Report itself, the plaintiffs asserted the following objection in the parties' Joint Pre-Trial Order:

| Internal Investigation Report of Lafayette Police Department, including all attachments thereto | Plaintiffs object on the grounds that this document was prepared by the defendants and is self-serving and irrelevant under FRE 402 and 403 |
|---|---|

After discussion at the pre-trial conference, the plaintiffs <u>withdrew</u> their objection to the admissibility of the Internal Affairs Report itself. The Federal Rules of Evidence and jurisprudence support this withdrawal. Indeed, Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Here, the Report sets forth the Lafayette Police Department's findings concerning the decedent's death and the allegations that defendant Officer Martin Faul acted improperly during the arrest of the decedent Quamaine Mason. The Report is therefore relevant to Mason's parents' claims of excessive force in the arrest of Quamaine. Furthermore, Federal Rule of Evidence 803(8)(C), which excludes from the hearsay rule certain public records, expressly contemplates the admissibility of

investigative reports such as the Internal Affairs Report that "result[ ] from an investigation made pursuant to authority granted by law." The hearsay exception set forth in Rule 803(8) is based upon the assumption that public officers will perform their duties, that they lack motive to falsify, and that public inspection to which many such records are subject will disclose inaccuracies. Under this rule, a public record is not excluded by the hearsay rule if it is a record, report, statement, or data compilation setting forth "(A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report ..., or (C) in civil actions and proceedings ..., factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed.R.Evid. 803(8).

Rule 803(8) presumes the admissibility of an investigator's findings "unless the sources of information or other circumstances indicate a lack of trustworthiness." Fed.R.Evid. 803(8)(C); Fed.R.Evid. 803(8) advisory committee note (stating that the Rule "assumes admissibility in the first instance but with ample provision for escape if significant negative factors are present."); *see also Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305-06 (5th Cir. 1991). In light of this presumption, the party opposing the admission of the report must prove that the report is not trustworthy. *See Moss*, 933 F.2d at 1306.

In the instant case, this Court concludes the Internal Affairs Report is admissible as a public record under the hearsay exception of Rule 803(8). As to the

first indicia of trustworthiness of investigative reports – timeliness – the Court finds that the Report was timely. The incident occurred on December 9, 2011, and the matter was referred to Internal Affairs the same day. The investigation was completed on January 11, 2012, and the Report was completed on February 14, 2012. There is no indication that the information Investigator Chastity Arwood relied on was stale or compromised at the time she compiled the Report. As to the second indicia – the skill or experience of the official -- the Court presumes that investigator Arwood had the requisite experience to issue the Report, although the defendants have not provided the Court with Arwood's qualifications. Regarding the third indicia – whether a hearing was held -- there is no evidence in the record that a hearing was held. Thus, this factor does not bolster the trustworthiness of the Report. Finally, as to whether the Report was plagued by motivation problems or bias, the Court concludes that it was not. There is no indication that Arwood, who compiled the Report, was at all involved in the incident at issue. There is no reason to suspect bias in Arwood's investigation or factual findings. On balance, these factors weigh in favor of trustworthiness and, therefore, admissibility. Accordingly, the Report itself is admissible, subject to certain portions being excluded by another evidentiary rule such as double hearsay.

### 2. Introduction of the Transcribed and Video Statements of Joel Grayson

Notwithstanding the admissibility of the Report itself as an exception to the hearsay rule, the defendants are attempting to introduce all attachments and exhibits to the Report itself, which include videotaped witness statements and the

transcriptions thereof. *With respect to all of the transcribed witness statements, the plaintiffs have withdrawn all of their objections, except for the transcribed statement of Joel Grayson, a police officer with the Lafayette Police Department who died after giving his statements and who is, therefore, unavailable to testify at trial.* The defendants also object to the video statement of Officer Grayson.

With respect to the <u>transcribed</u> statement of Joel Grayson, the plaintiff asserted the following objection in the parties' Joint Pre-trial order:

| | |
|---|---|
| Transcribed statement of Officer Joel Grayson (part of Lafayette Police Department's Internal Affairs Investigation) | Defendants note that Officer Joel Grayson is deceased and defendants hope to use videotaped statement at trial under FRE 801, et seq. under the hearsay exceptions. |
| | Plaintiff objects as the video recordings provided in J3 speak for themselves. |

Wirth respect to the video statement of Officer Grayson, the plaintiffs do not assert an objection to the statement in the parties' Joint Pre-Trial Order. However, the defendants appear to anticipate an objection at trial and "argue" that Mr. Grayson is deceased and that they "hope to use [the] videotaped statement at trial under FRE 801, et seq. under the hearsay exceptions." No specific hearsay exception is noted in the Pre-Trial Order.

The jurisprudence is clear that although the Report itself may be admitted under the public records exception to the hearsay rule, witness statements contained within the Report or attached to the Report as exhibits are hearsay unless another hearsay exception applies. Therefore, following the pre-trial conference, the Court ordered

5

additional briefing on the admissibility of the transcribed and video statements of Joel Grayson. The partied filed their briefs on February 26, 2018 [Docs. 176 & 177]; notably, both parties rely on argument only and neither party has cited this Court to any jurisprudence interpreting the Federal Rules of Evidence that support their argument.

In their brief, the defendants argue that the video statement of Joel Grayson – who died within months of the incident involving Quamaine Mason – was taken on December 13, 2011, as well as the transcribed statement of that video recording, are admissible under both the business records exception and the public records exception to the hearsay rule. However, this Court finds neither exception is applicable to Officer Grayson' statements in the instant matter.

To the extent that the defendants are arguing application of the present sense impression exception, the Court similarly finds the exception inapplicable. Rule 803(1) provides that hearsay statements "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter" should be admissible regardless of the availability of the declarant. The justification for this hearsay exception relies on the contemporaneousness of the event under consideration and the statement describing that event. Fed.R.Evid. 803(1). *See also Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 280 (5th Cir. 1991). Because the two occur almost simultaneously, there is almost no "likelihood of [a] deliberate or conscious misrepresentation." Fed.R.Evid. 803(1) advisory committee's note; *see also United States v. Peacock*, 654 F.2d 339, 350 (5th

Cir. Aug. 1981), modified on other grounds, 686 F.2d 356 (5th Cir. 1982) (statement, otherwise hearsay, admitted under Rule 803(1), because "[t]here was no time for [declarant] to consciously manipulate the truth").

In *Rock*, the Fifth Circuit affirmed the district court's conclusion that a report prepared two days after an accident did not fit within the parameters of Rule 803(1). 922 F.2d at 280. Here, Officer Grayson's video statement was made four days after the incident involving Quamaine Mason and, therefore, cannot be construed as a statement "made while the declarant was perceiving the event or condition, or immediately thereafter." For this reason, the statements of Officer Grayson are not admissible under the present sense impression exception to the hearsay rule.

Because no other exception has been argued by the defendants, this Court concludes that both the video statement and transcribed statement of Officer Grayson constitute hearsay and are inadmissible at trial.

### *Conclusion*

Thus, for the foregoing reasons, the Court concludes that while the Internal Affairs Report itself is admissible under the public records exception to the hearsay rule, the video statements and transcribed statements of Joel Grayson are hearsay and not admissible under any exception to the hearsay rule.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 28th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE